UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA J. MORROW,

       Plaintiff,

                                        Civil Case No. 15-12851
v.                                            Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**<u>OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S AUGUST 17, 2016 R&R; (2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND (4) REMANDING MATTER TO THE COMMISSIONER OF SOCIAL SECURITY</u>**

Plaintiff applied for supplemental security income benefits ("SSI") under the Social Security Act on September 18, 2012, alleging that she became disabled on March 1, 1992. The Social Security Administration denied Plaintiff's application for benefits initially. Upon Plaintiff's request, Administrative Law Judge Janet Alaga-Gadigian ("ALJ") conducted a de novo on December 23, 2013. At the hearing, Plaintiff amended her alleged onset date to September 18, 2012. The ALJ issued a decision on March 26, 2014, finding Plaintiff not disabled within the meaning of the Social Security Act and therefore not entitled to benefits. The

ALJ's decision became the final decision of the Social Security Commissioner ("Commissioner") when the Social Security Appeals Council denied review.

On August 12, 2015, Plaintiff initiated the pending action challenging the Commissioner's decision. The following day, the matter was referred to Magistrate Judge Elizabeth A. Stafford "for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C)." (ECF No. 3.) The parties have filed cross motions for summary judgment. (ECF Nos. 12, 15.)

On August 17, 2016, Magistrate Judge Stafford issued a Report and Recommendation (R&R) in which she recommends that this Court grant Plaintiff's motion for summary judgment, deny the Commissioner's motion, and remand the matter to the Commissioner for further proceedings under Sentence Four of 42 U.S.C. § 405(g). (ECF No. 17.) At the conclusion of the R&R, Magistrate Judge Stafford advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id*. at Pg ID 552-53.) The Commissioner filed objections to the R&R on August 29, 2016. (ECF No. 18.)

## Standard of Review

The Social Security Act provides:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the

2

> decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . .

42 U.S.C. § 405(g) (emphasis added); *see also Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If the Commissioner's decision is supported by substantial evidence, the reviewing court must defer to that decision " 'even if there is substantial evidence in the record that would have supported an opposite conclusion.' " *Longworth v. Comm'r of Soc. Sec. Admin.* 402 F.3d 591, 596 (6th Cir. 2005) (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)).

The court reviews de novo the parts of an R&R to which a party objects. *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). However, the Court "is not required to articulate all the reasons it rejects a party's objections." *Id*.

## The ALJ's Decision and the R&R

An ALJ considering a disability claim is required to follow a five-step sequential process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). The five-step process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).

2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors. *Id.*

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity ("RFC") and past relevant work to determine whether the claimant can perform his or her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv).

5. At the fifth step, the ALJ considers the claimant's RFC, age, education, and past work experience to see if he can do other work. 20 C.F.R. § 404.1420(a)(4)(v). If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled. *Id.*

If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ makes his or her decision and does not proceed further. 20 C.F.R. § 404.1520(a)(4). However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id.* The claimant bears the burden of proof through the first four steps. *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011) (citing *Wilson v. Comm'r of Soc. Sec.*, 378

F.3d 541, 548 (6th Cir. 2004)). If the claimant meets his burden, the burden of proof shifts to the Commissioner at the fifth step. *Id*.

At the first step, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since September 18, 2012. (ECF No. 9-2 at Pg ID 42.) The ALJ found at step two that Plaintiff has the following severe impairments: (1) psychotic disorder; (2) bipolar disorder, and dependent personality disorder; and (3) substance abuse. (*Id.*) In reaching this decision, the ALJ acknowledged Plaintiff's complaints of symptoms related to chronic obstructive pulmonary disease and hypertension; however, the ALJ found that Plaintiff's hypertension is controlled with medication, that her blood pressure had been normal at "numerous recent office visits", and that there are no clinical signs associated with chronic obstructive pulmonary disease. (*Id*.) The ALJ did not include Plaintiff's low IQs, finding the scores "invalid." (*Id*. at Pg ID 43.) The ALJ rejected any additional physical limitations, including Plaintiff's complaints of back pain, finding no medical findings to support those limitations and that Plaintiff's reported daily activities contradict those limitations. (*Id*. at 43.)

The ALJ next analyzed whether Plaintiff's impairments met any of the listed impairments and determined that they did not. (*Id*. at Pg ID 43-44.)

At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with

the following limitations: an inability to climb ladders, ropes, or scaffolds; avoiding exposure to hazardous machinery and unprotected heights; unskilled jobs with specific vocational preparation levels of one or two with simple, routine tasks; avoiding production-rate work and tandem tasks; no contact with the general public; and only occasional contact with coworkers and supervisors. (*Id.* at Pg ID 44.)

The ALJ then concluded that Plaintiff has no past relevant work. (*Id.* at Pg ID 48.) At the final step, the ALJ concluded that a significant number of jobs exist in the national economy that Plaintiff could perform given her age, education, work-experience, and RFC. (*Id.* at Pg ID 48-49.) The ALJ specifically identified the occupations of dishwasher and cleaner. (*Id.* at 49.)

In the R&R, Magistrate Judge Stafford concludes that the ALJ violated the treating physician rule and, thus, the matter must be remanded to the Commissioner for further proceedings. (ECF No. 17.) Specifically, Magistrate Judge Stafford finds that the ALJ failed to give good reasons for discounting the opinion of Plaintiff's treating psychiatrist, Hyder Makki, D.O. (*Id.* at 538.) In addition to not identifying the weight she gave to Dr. Makki's opinion or even referring to it as an opinion of a treating psychiatrist, Magistrate Judge Stafford faults the ALJ for not considering Dr. Makki's diagnosis of bipolar disorder or psychosis. (*Id.* at 545.) Magistrate Judge Stafford finds it concerning that the ALJ

addressed only two of the thirteen areas for which Dr. Makki found Plaintiff significantly limited. (*Id*. at 545-48.) Magistrate Judge Stafford next addresses the additional errors in the ALJ's decision that Plaintiff asserted in her summary judgment motion.

With respect to the ALJ's conclusion that Plaintiff's IQ scores were invalid, Magistrate Judge Stafford finds that the ALJ failed to address an IQ assessment performed by Hugh Bray, Ph.D. in February 2004, and failed to address Plaintiff's alleged illiteracy. (*Id*. at 549, 551.) Magistrate Judge Stafford rejects, however, Plaintiff's claim that the ALJ erred in failing to find that her impairments met or were medically equal to Listing 12.05(C). (*Id*. at 549-50.) Magistrate Judge Stafford also rejects Plaintiff's argument that the ALJ erred in failing to find that her back pain was a severe impairment. (*Id*. at 550.)

The Commissioner raises six objections to the R&R.

## **Objection No. 1**

The Commissioner first objects to the magistrate judge's statement that the ALJ erred by failing to "*note* Dr. Makki's diagnoses of bipolar disorder or psychosis". (ECF No. 18 at Pg ID 554.) The Commissioner points out the Sixth Circuit's statement that "[t]he mere diagnosis of [a condition], … says nothing about the severity of the condition." *Higgs v. Bowen*, 880 F.2d 860, 863 (1988).

The Commissioner argues that Plaintiff must show prejudice resulting from the ALJ's error.

Magistrate Judge Stafford appears to have remarked on the ALJ's failure to note Dr. Makki's diagnoses only to emphasize that the ALJ gave short shrift to this treating physician's opinion.  Nothing in the R&R suggests that Magistrate Judge Stafford concluded the ALJ's decision is subject to reversal or that a remand is warranted simply due to the ALJ's failure to note Dr. Makki's diagnoses.  Instead, the R&R reflects that the magistrate judge concluded a remand was needed due to the ALJ's failure to consider Dr. Makki's opinions concerning Plaintiff's limitations *because of* those diagnoses.

As such, the Court finds no merit to this objection.

### **Objection No. 2**

The Commissioner next objects to Magistrate Judge Stafford's conclusion that the ALJ did not adequately articulate her reasons for discounting Dr. Makki's opinion.  (ECF No. 18 at Pg ID 556.)  The Commissioner argues that the ALJ did not need to directly address Dr. Makki's opinion because the ALJ "indirectly attacked" it.  As the Commissioner explains further, an ALJ meets the goal of the treating physician rule if he or she in discussing other record evidence " 'adequately addressed [the treating physician's opinions] by indirectly attacking both the consistency of those opinions with the other record evidence and their

supportability.' " (*Id.*, quoting *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470, 472 (6th Cir. 2006).)

This Court disagrees with the Commissioner's assertion, however, that the ALJ indirectly attacked Dr. Makki's opinion in her discussion of the other record evidence. As Magistrate Judge Stafford correctly pointed out, the ALJ failed to address most of Plaintiff's limitations as opined by Dr. Makki. In this Court's view, the ALJ did not do this directly or even indirectly. As such, the Court agrees with Magistrate Judge Stafford that the ALJ violated the treating physician rule and rejects the Commissioner's objection.

## **Objection No. 3**

The Commissioner's third objection relates to the second objection. Here, the Commissioner objects to Magistrate Judge Stafford's statement that "[a] treating physician's opinion is entitled to great deference in all cases" (ECF No. 17 at Pg ID 544), which the Commissioner infers "to suggest that the ALJ improperly gave 'significant weight' to the opinion provided by Dr. Moten, the State agency reviewing psychologist." (ECF No. 18 at Pg ID 557.)

An ALJ may give greater weight to the opinion of a State agency reviewer over a treating physician, *see* SSR 96-6p, 1996 WL 374180, but only if the ALJ has complied with the treating physician rule and provided good reasons for discounting the treating physician's opinion which otherwise is entitled to

9

controlling weight.  *See Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406, 409 (6th Cir. 2009).  Because the ALJ failed to adhere to this requirement in Plaintiff's case, she did err in giving greater weight to Dr. Moten's opinion.

## **Objection No. 4**

The Commissioner's fourth objection relates to Magistrate Judge Stafford's finding that "the ALJ's statement that [Plaintiff] 'reported no problems with using the city bus' is simply not true." (ECF No. 17 at Pg ID 546, quoting ECF No. 9-2 at Pg ID 48.)  The Commissioner argues that the ALJ's statement is irrelevant because "the ALJ limited Plaintiff to jobs that entail 'no contact with the general public,' including the kind of contact that might occur when using transportation[.]" (ECF No. 18 at Pg ID 558.)  Thus, the Commissioner maintains, Plaintiff has not asserted and cannot sustain her burden of showing that the ALJ's statement caused her to suffer prejudice.  (*Id*.)  Moreover, the Commissioner contends, "Plaintiff explicitly and repeated[ly] admitted that she was able to use public transportation." (ECF No. 18, citing ECF Nos. 9-2 at Pg ID 76-77, 9-6 at Pg ID 201.)

As an initial matter, it is quite different to state (as the ALJ did) that Plaintiff "reported no problems with using the city bus" and stating (as the Commissioner does) that Plaintiff is able to use public transportation.  Plaintiff's testimony at the administrative hearing makes clear that while she has ridden the city bus, she has

10

problems doing so. (ECF No. 9-2 at Pg ID 76-77.) Plaintiff testified she does not "like to get on by [herself]," and that there are "[t]oo many people[]" . . . it is "too crowded." (*Id*.) Magistrate Judge Stafford did not expressly explain why the ALJ's finding caused Plaintiff to suffer prejudice. Nevertheless, the ALJ used this finding to undermine Dr. Makki's opinion and Plaintiff's credibility. As such, the Court believes Plaintiff did suffer prejudice from what this Court agrees is a misconstruction of her testimony by the ALJ.

The Court therefore rejects the Commissioner's fourth objection to the R&R.

### **Objection No. 5**

The Commissioner next objects to Magistrate Judge Stafford's "criticism" of the ALJ's finding that the record did not substantiate Plaintiff's allegations concerning her ability to interact appropriately with others. (ECF No. 18 at Pg ID 558.) The Commissioner argues that even if the ALJ erred, Plaintiff did not sustain her burden of showing resulting prejudice. (*Id*. at 558-59.) Again, this Court disagrees.

First, because the ALJ discounted Dr. Makki's opinion, which supported Plaintiff's allegations regarding her ability to interact appropriately with others, this asserted limitation must be re-evaluated on remand. Second, the ALJ's finding undermined Plaintiff's credibility. Moreover, while the ALJ limited Plaintiff to jobs that entail "no contact with the general public," she found that Plaintiff could

11

interact occasionally with co-workers and supervisors. "Occasionally" could mean "up to one-third of the time." SSR 83-10, 1983 WL 31251, at *5. If Dr. Makki's opinion were provided substantial weight and Plaintiff's allegations credited, the evidence suggests that the ALJ's RFC inaccurately described Plaintiff's abilities.

## Objection No. 6

In her final objection, the Commissioner takes issue with Magistrate Judge Stafford's statement concerning the ALJ's failure to address Plaintiff's alleged illiteracy. The Commissioner contends that even if the ALJ erred in this respect, Plaintiff fails to demonstrate that she suffered prejudice as a result. (ECF No. 18 at Pg ID 559.) As the Commissioner points out, the vocational expert ("VE") testified that a person with Plaintiff's background and RFC could perform the dishwasher and cleaning jobs she identified even if the person cannot read or write. (ECF No. 9-2 at Pg ID 92-93.)

Notably, this portion of the VE's testimony was in response to a question by Plaintiff's counsel at the hearing, following the ALJ's questioning of the witness. The ALJ did not incorporate Plaintiff's alleged illiteracy into the RFC or the questions she posed to the witness. Further, the VE testified that a person's illiteracy would not impact the jobs she identified "*[s]o long as* they are able to recognize the different cleaning bottles, and what's used with what, and they can follow oral directions[.]" (*Id*. at Pg ID 92, emphasis added.) Whether Plaintiff

would be capable of doing so-- particularly if Dr. Makki's and Dr. Bray's opinions are given proper credence-- is unclear. Thus on remand, as Magistrate Judge Stafford indicates, Plaintiff's illiteracy should be considered in assessing whether she is disabled.

## Conclusion

For these reasons, the Court rejects the Commissioner's objections to the R&R and adopts Magistrate Judge Stafford's recommendations.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 12) is **GRANTED**;

**IT IS FURTHER ORDERED**, that the Commissioner's motion for summary judgment (ECF No. 15) is **DENIED**;

**IT IS FURTHER ORDERED**, that the Commissioner's decision denying Plaintiff's social security benefits is **REVERSED** and this matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Magistrate Judge Stafford's August 17, 2016 R&R.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: September 13, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 13, 2016, by electronic and/or U.S. First Class mail.

                                                    s/ Richard Loury
                                                    Case Manager